UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CANTIUM, LLC | CIVIL ACTION |
| VERSUS | NO. 25-552 |
| WALKER MARINE GEOPHYSICAL COMPANY, LLC ET AL. | SECTION "B" (3) |

**ORDER AND REASONS**

Plaintiff, Cantium, LLC ("Cantium"), filed a Motion for Leave to File Amended and Restated Complaint (R. Doc. 59). Defendant GTC, Inc. and Counter Defendant Walker Marine Geophysical Company, LLC have filed responses.[1] The responses do not oppose amendment, but rather request that amendment not delay consideration of the motions pending before the District Court. Having considered the submissions of counsel, the record, and the applicable law, the Court grants Cantium's motion for leave to amend. To the extent that Defendants maintain amendment does not affect the pending motions, they must raise that position with the District Court via a separate submission.

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Under Rule 15(a)(2), if more than 21 days have passed after service of a 12(b) motion and no scheduling order has been entered, then

---

[1] R. Docs. 60, 61.

1

the party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[2]

The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend."[3] The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend."[4] Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case."[5] Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[6] Denial of leave to amend is reviewed for abuse of discretion.[7] "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'"[8] Here, each of the relevant factors weighs in favor of

---

[2] Fed. R. Civ. P. 15(a)(2).
[3] *Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).
[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[5] *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).
[6] *Schiller*, 342 F.3d at 566.
[7] *Mayeaux*, 376 F.3d at 425.
[8] *Id.* (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United*

amendment. Insofar as Defendants are concerned about the relationship between amendment and the disposition of pending motions, Defendants must seek relief from the District Court.

### III.  Conclusion

For the reasons set forth above,

**IT IS ORDERED** that the Motion to Amend (R. Doc. 59) is **GRANTED**. Plaintiff's Amended and Restated Complaint and attached exhibits (R. Docs. 59-3–59-6) shall be filed in the record.

New Orleans, Louisiana, this 3rd day of March, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

---

*States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).